IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL C.,[1] ) <br> ) <br>       **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **KILOLO KIJAKAZI,** Acting ) <br> **Commissioner of Social Security,** ) <br> ) <br>       **Defendant.** ) <br> ) | No. 22 C 6715 <br><br> Magistrate Judge <br> Maria Valdez |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Manuel C.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 22] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

# BACKGROUND

## I.  PROCEDURAL HISTORY

On July 13, 2010, Plaintiff filed a claim for DIB, alleging a disability since February 13, 2003. Plaintiff's claim was denied throughout the administrative stages, after which he timely appealed to this Court. Finding error, the Court remanded the matter June 20, 2016. Following a remand hearing, the Administrative Law Judge ("ALJ") again denied Plaintiff's claim. Plaintiff then appealed to this Court a second time, and, again finding error, the Court remanded the matter on August 17, 2021. A telephonic remand hearing was held on April 27, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On May 4, 2022, the ALJ again denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's May 4, 2022 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II.  ALJ DECISION

In the ALJ's May 4, 2022 decision, Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that

Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of February 13, 2003 through his date last insured of March 31, 2009. At step two, the ALJ concluded that Plaintiff had the following severe impairments: gouty arthritis; degenerative joint disease of the left hip with history of avascular necrosis, status-post total left hip replacement; mild degenerative joint disease of the right hip; degenerative joint disease of the bilateral knees; degenerative joint disease of the left foot; degenerative joint disease of the hands; hypertension; and osteopenia. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: could never climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs; could occasionally stoop, kneel, crouch, and crawl; and could not have work involving concentrated exposure to extreme cold or heat, vibration, or extraordinary hazards such as machinery. At step four, the ALJ determined that Plaintiff was capable of performing his past relevant work as a paralegal. Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act.

**DISCUSSION**

I.  **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

6

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to sufficiently account for Plaintiff's upper extremity limitations; and (2) the ALJ erred in finding that Plaintiff could sustain the walking and standing requirements of light work. Plaintiff also argues that the matter should be remanded for an award of benefits.

Pertinent to Plaintiff's first argument, as stated above, the ALJ determined that Plaintiff's gouty arthritis and the degenerative joint disease in Plaintiff's hands constituted severe impairments. (R. 802.) Relevant to those impairments, the ALJ noted Plaintiff's reports that he had "difficulty taking care of his personal needs, including dressing, bathing, and feeding due to difficulty using his hands." (*Id.* at 804.) The ALJ further noted that Plaintiff's testimony across the three hearings had been consistent and he "testified that he had difficulty using his hands and reaching." (*Id.* at 805.) The ALJ also noted that "[i]mages of the bilateral hands revealed joint space narrowing of the right ring finger, mild soft tissues swelling bilaterally" and some "degenerative changes in the bilateral hands." (*Id.* at 806.) Crediting this evidence and Plaintiff's allegations, the ALJ stated that she "accepted that the claimant's joint swelling, including in his hands . . . would likely cause pain that would preclude lifting and carrying weight greater than light exertion." (*Id.* at 807.)

Plaintiff asserts that the ALJ erred in failing to account for any limitations regarding Plaintiff's upper extremities despite finding that Plaintiff's gouty

7

arthritis and hand degenerative joint disease were severe impairments. The Court agrees with Plaintiff. As Plaintiff points out, an impairment is considered "severe" if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1520(c); 20 C.F.R. § 404.1522(a). Basic work activities pertinent to hands include not only lifting and carrying (activities the ALJ explicitly considered) but also pushing, pulling, reaching, and handling. *See Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016). The latter activities are crucial in this case because the VE testified that a limitation to occasional handling and fingering would eliminate most jobs. (R. 844.) The problem here is that there is a disconnect between (1) the ALJ's findings that Plaintiff's hand impairments were both severe and credible and thus significantly limiting, and (2) her failure to either include RFC accommodations for Plaintiff's manipulative limitations or specifically explain why such accommodations were not necessary. The ALJ's failure to account for upper extremity issues in that regard means that the requisite logical bridge is missing and remand is required. *See Edward T. v. Kijakazi*, No. 20 C 2996, 2021 WL 5578757, at *3 (N.D. Ill. Nov. 30, 2021) ("The Court concludes that the ALJ did not build the requisite accurate and logical bridge from the evidence to her conclusion that Plaintiff had the residual functional capacity to perform jobs requiring considerable manipulative abilities.").

As stated above, Plaintiff argues that this matter should be remanded for an award of benefits. However, remand for an award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and

8

the resulting record supports only one conclusion – that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). Here, the Court cannot say that the facts support only one conclusion, and thus remand for a benefits award would be inappropriate. However, the Court has determined that the errors identified above warrant remand for further proceedings. The Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's upper extremity limitations are fully accounted for and Plaintiff's standing and walking limitations are properly assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 22] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

*(signature: Maria Valdez)*

**DATE:** **July 31, 2023**

                                    **HON. MARIA VALDEZ**
                                    **United States Magistrate Judge**